B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSAR<br>(Court Use On | RECEIVED<br>AND FILED<br><br>2022 AUG 29 PM 12:56<br><br>U.S. BANKRUPTCY COURT<br>MARY A. SCHOTT, CLERK |
|---|---|---|
| **PLAINTIFFS**<br>HERMAN MENEZES, LLC | **DEFENDANTS**<br>ALVIN BRESCIANI | |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Luke Busby, Esq. 316 California Ave, Reno, NV 89509. 775-453-0112 | ATTORNEYS (If Known)<br>Sean Patterson, 232 Court St. Reno, NV 899509 775-786-1615 |
|---|---|
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary complaint objecting to discharge under 11 USC 523

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>ALVIN BRESCIANI | BANKRUPTCY CASE NO.<br>3:22-bk-50266 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Nevada | DIVISION OFFICE<br>Reno | | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>8-29-22 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Luke Busby, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

Attorney for the Creditor
HERMAN MENEZES, LLC

RECEIVED AND FILED
2022 AUG 29 PM 12: 57
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE: | |
| ALVIN BRESCIANI, | Adv. Case No: _____ |
| Debtor. | Case No. 3:22-bk-50266 |
| | Chapter 7 |
| HERMAN MENEZES, LLC | Hearing Date (Sched Conf): |
| Plaintiff, | Hearing Time: |
| Vs. | Estimated Time: |
| ALVIN BRESCIANI, | |
| Defendant. | |
| _____/ | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

Herman Menezes LLC ("Plaintiff"), Plaintiff and Creditor of the above-named Debtor, Alvin Bresciani ("Defendant"), hereby objects to the entry

1

of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. §523, and alleges as follows:

## INTRODUCTION

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of Alvin Bresciani, case number 3:22-bk-50266, pending in the U.S. Bankruptcy Court in the District of Nevada.

2. Defendant is not eligible for discharge as a debtor in his bankruptcy case pursuant to 11 U.S.C. §523 because the Defendant obtained the Plaintiff's money and property through false pretenses, false representations, and actual fraud.

## JURISDICTION

3. This Court has jurisdiction of this adversary pursuant to 11 U.S.C. §727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff Herman Menezes, LLC is, and was at all times relevant herein, a limited liability company organized under the laws of the State of Nevada, with a principal place of business in Storey County, Nevada.

7. Defendant Alvin Bresciani is an individual, who at all relevant times herein, is and was resident of the City of Reno, Nevada.

## FACTUAL ALLEGATIONS

**A.     Defendant's Bankruptcy Case**

8. On May 16, 2022, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy

case number 3:22-bk-50266, in the U.S. Bankruptcy Court for the District of Nevada.

9. In the Schedule F filed concurrently with the petition, Defendant disclosed unsecured creditors holdings debts totaling $5,838,503.00, including:

    a. Herman Menezes, LLC, Unpaid for Product, $330,600.00.

10. On January 28, 2022 the First Judicial District Court of the State of Nevada issued an order of default judgment against Defendant for the plaintiff in the amount of $330,570.65.

11. Based upon Defendant's bankruptcy filings, Plaintiff now brings the instant complaint to objection to entry of discharge in Defendant's case pursuant to 11 U.S.C. § 527

**B.    Defendant's Debt to Plaintiff**

**i. The Jungo Ranch Fraud**

12. On December 19, 2019, the Plaintiff and the Bresciani entered into a Contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract").

13. The Jungo Contract was executed in Storey County, Nevada.

14. Also on December 19, 2020 Bresciani executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract.

15. The Jungo Contract provided that in exchange for the Plaintiff providing Bresciani with a $620,000 deposit, the Plaintiff would pay Bresciani $10 per ton on 3840 tons of hay toward repayment of the deposit.

16. At the conclusion of the 2019-2020 Hay Season, Bresciani had only provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract leaving a balance on the agreement of $127,398.65.

3

17. Bresciani breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to Bresciani by the Plaintiff.

18. Further, from July 14, 2020 to August 18, 2020, Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff to be delivered to Bresciani's other customers. However, Bresciani never paid the Plaintiff for this hay. Thus, included the balance on the agreement of $127,398.65, Bresciani owes the Plaintiff is $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully and fraudulently taken by Bresciani.

19. Jungo Ranches, LLLP received the value paid by the Plaintiff to Bresciani for the hay produced by Jungo Ranches, LLLP as described in the Jungo Contract, but this hay was never delivered to the Plaintiff because Bresciani fraudulently took the Plaintiff's hay delivered the hay belonging to the Plaintiff to his other customers.

**ii. The Taylor Farms Fraud**

20. On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be removed from Taylor Farms by Bresciani. On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds to cover the check.

21. On August 7, 2020, the Plaintiff sent Bresciani a letter via certified mail return receipt informing Bresciani that the check for $67,160 was returned for insufficient funds. Further, Bresciani removed approximately $50,793 in hay (221 Tons) from Taylor Farms in total, which Bresciani fraudulently obtained, and still has not paid for. Thus the Plaintiff incurred actual damages of $50,793 as a result of Bresciani passing a bad check.

4

22. Bresciani made false representations to the Plaintiff that he had the funds to pay for the hay from Taylor Farms, wrote a hot check to the Plaintiff such that he could obtain permission to remove the hay from Taylor Farms, and actually removed the hay from Taylor Farms based on this fraudulent claim to the Plaintiff, and was removing hay from Taylor Farms before he had any permission to do so from the Plaintiff.

23. On January 4, 2021, the Plaintiff filed a Complaint against Mr. Bresciani and Bresciani Hay Company, Inc. before the First Judicial District Court in and for Storey County, and asserted the following claims: fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and for exemplary damages against Mr. Bresciani and his company.

24. After Bresciani failed to follow multiple orders of the court related to discovery, the Court struck Bresciani's answer and rendered default judgment in favor of the Plaintiffs in a December 23, 2021 Order.

25. On January 28, 2022, after a motion to which Brescinai did not respond, the Nevada Court issued an order awarding $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75%.

## FIRST CAUSE OF ACTION

### (For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A)

26. The Plaintiff incorporates by reference the allegations contained in above, as though set forth fully herein.

27. Bresciani made intentionally false representations to the Plaintiff in order to obtain the Plaintiff's money and property;

28. Bresciani knew at the time the representations were false;

29. Brescini made the representations with the intention and purpose of deceiving the Plaintiff;

30. The Plaintiff relied on the representations of Bresciani; and

31. The Plaintiff sustained damage as the proximate result of the representations of Bresciani.

## PRAYER FOR RELIEF

WHEREFOR, Herman Menezes, LLC prays for the entry of judgment against the Defendant as follows:

1. That the Court determine that the debts of Defendant to the Plaintiff be ruled nondischargeable because Defendant obtained the Plaintiff's money and property by fraud;

2. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

3. For costs of suite herein incurred; and

4. For such other further relief as this Court deems just as proper.

Respectfully submitted:

**DATED** this Aug 28, 2022

By: _____
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com